UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JODI VAN NEVEL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN COLVIN, )<br>)<br>Defendant. ) | No. 1:14-cv-01292-TAB-SEB |

**ORDER ON MAY 13, 2015, ORAL ARGUMENT**

The parties appeared by counsel May 13, 2015, for an oral argument on Plaintiff's appeal of her denial of disability benefits. Set forth below is the Magistrate Judge's ruling issued from the bench following that argument. This ruling reverses the ALJ's determination and remands this case be pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

THE COURT: With the benefit of briefing and oral argument, I will now give you my decision. By way of background, Plaintiff, Jodi Van Nevel, filed for Social Security Disability benefits on June 29, 2011 and Supplemental Security Income benefits on July 15, 2011. Her claims were initially denied on August 31, 2011 and on reconsideration on November 9, 2011. On December 11, 2012, an ALJ held a video hearing, and on February 8, 2013, the ALJ denied Plaintiff's claims. The Appeals Council also denied review. Plaintiff timely appealed to this court.

Defendant does not contest the ALJ's findings, which I will now summarize. The ALJ found Plaintiff had not engaged in substantial gainful activity since March 23, 2011, the alleged onset date. The ALJ found that Plaintiff had the following severe impairments: Chronic neck

pain due to cervical spondylosis, status post cervical discectomy/fusion surgery at the C3-C4, C4-C5, and C5-C6 levels in August 2011, with associated residuals of headaches and shoulder pain problems.

The ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  Significantly, the ALJ found Plaintiff had the residual functional capacity to perform light work except as reduced by only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, and never climbing ladders, ropes, or scaffolds.  The ALJ also found Plaintiff needs to avoid concentrated exposure to loud noise and bright/flashing lights, needs to avoid overhead reaching and needs to avoid concentrated exposures to hazards (i.e. dangerous moving machinery, work at unprotected heights, and slippery/uneven/moving surfaces.)  Record at 17.  Finally, the ALJ found Plaintiff is capable of performing past relevant work as a general office clerk both as she performed it and as it is usually performed in the national economy and past work as a salesclerk, but only as this job is typically performed in the national economy and not how the claimant previously performed this work.

In considering this appeal, any factual findings are conclusive if they are supported by substantial evidence.  *Brewer v. Chater*, 103 F.3d 1384, 1389 (7th Cir. 1997).  The issue on appeal, thus, is not whether Plaintiff is disabled but whether the Commissioner's findings are supported by substantial evidence.  *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

The facts show that Plaintiff was 46 years old on her alleged onset date.  Plaintiff alleges disability due to herniated discs, bone spurs, spinal stenosis, constant pain, a 10-pound lifting

restriction, and inability to bend, twist, or turn her head fast or to turn her head to the left, as well as headaches and limited mobility.  Plaintiff has past work as an office clerk, final finisher in a factory, and retail worker.  Plaintiff reported headaches since a car accident, which are caused by moving her head.  Record at 227.

She takes medication, but the medications do not eliminate her headaches.  She feels restricted 80 percent of the time due to her headaches and pain.  Plaintiff's medical history includes visits to her neurologist and L5-S1 microdiscectomy on January 25, 2010; a November 13, 2010 MRI of Plaintiff's cervical spine, which showed neural foraminal stenosis at C3-C4, C4-C5, and C5-C6; ongoing visits to a pain clinic for neck pain and headaches; a left occipital nerve block; a left C1-C2 atlantoaxial joint injection; an April 14, 2011 left great occipital nerve block; and a June 13, 2011 Neurontin prescription for the neuropathic pain; and an epidural at C4-C5.

An MRI on Plaintiff's cervical spine on June 24, 2011, showed degenerative changes at C3 through C4 and C4 through C5 and moderate left neural foramen narrowing at C3 through C4 and moderate right neural foramen narrowing at C4 through C5, as well as spondylosis at C3 through C4, C4 through C5, and C5 through C6.  Plaintiff's medical history also includes physical therapy.  In addition, Plaintiff was hospitalized from August 2 to August 4, 2011, for anterior cervical discectomy, osteophytectomy, and decompression of the spinal cord at C3 through C4, C4 through C5, and C5 through C6 with fusion.  Record at 436 through 37.

Plaintiff raises several issues on appeal.  First, Plaintiff contends the ALJ's RFC is not supported by substantial evidence.  Specifically, Plaintiff alleges there are inconsistencies in his rationale that contradict the RFC and are contrary to law.  Second, Plaintiff contends the ALJ's credibility determination is not supported by substantial evidence.  Third, Plaintiff contends the

3

ALJ's analysis of Plaintiff's receipt of unemployment insurance benefits is contrary to law and regulations.

With respect to the first issue, the ALJ limited Plaintiff to light work with reduction to occasional postural maneuvers, avoidance of concentrated exposure to loud noises, bright and flashing lights, no overhead reaching, and avoidance of concentration exposure to hazards. Record at 17. Light work "requires a good deal of walking or standing." 20 CFR 404.1567(b). However, the ALJ acknowledged in his decision that Plaintiff "is likely unable to engage in prolonged standing, walking, and heavy lifting consistent with a retained capacity for gainful work at light exertion." Record at 27. This statement is inconsistent with the definition of light work.

The regulations state that light work requires the prolonged standing and walking that the ALJ acknowledged he does not believe Plaintiff is capable of performing. Thus, the RFC is for more than Plaintiff can do during a regular 40-hour work week. The ALJ's conclusion at Step IV that Plaintiff could return to her past relevant work is based upon this RFC. Based upon this RFC, the ALJ's conclusion that Plaintiff could not engage in prolonged standing and walking that is involved in light work is flawed.

The Defendant's response brief does not adequately address this issue, nor did oral argument, except that Defendant alleged during the argument that the ALJ's language was inartful and poorly phrased.

The Defendant argues that the ALJ added certain postural and other limitations to Plaintiff's RFC. However, these limitations do not address the ALJ's conclusion that the Plaintiff could not engage in prolonged walking or standing. The Defendant also argues that the ALJ understood the standing and walking requirements when posing questions to the VE. Even if the

ALJ had such an understanding, the ALJ's decision does not reconcile how someone who cannot engage in prolonged standing or walking could perform light work.

This is not inartful drafting or poorly-phrased language. Remand is required. On remand, the ALJ should address the conclusion that Plaintiff can alleviate her lower back pain with "minimal measures." Record at 18. The ALJ acknowledged that these purported minimal measures involve lying on the floor with her feet up on the wall. Record at 18 through 19. The ALJ offers no rationale as to how these types of measures, which in reality cannot fairly be described as minimal, would be tolerated in the workplace.

In summary, the RFC adopted by the ALJ and presented to the VE allowed for prolonged standing and walking, which the ALJ did not believe Plaintiff was capable of performing. Therefore, remand is appropriate.

The second issue Plaintiff presents is whether the ALJ's credibility determination is supported by substantial evidence. I do not find that this issue warrants remand. Plaintiff makes a number of challenges to the ALJ's credibility determination, and I will address the most significant challenges.

First, Plaintiff argues that the ALJ erred in noting that Plaintiff testified that she could not sweep. However, she reported to Dr. Grewal that she could sweep. So there is evidence in the record for this conclusion by the ALJ. Record at 516 and 523.

Plaintiff next faults the ALJ for noting that although Plaintiff stated that Dr. Gottlieb restricted her to lifting no more than 10 pounds, the record contained no such limitation from Dr. Gottlieb. Plaintiff is correct that it was Dr. Jonathan Schock who imposed such a restriction in November 2009. The fact that the ALJ identified the wrong doctor, based upon the Plaintiff's own testimony, does not support a remand. What is more important is that Dr. Schock imposed

5

this limitation 18 months before Plaintiff's alleged disability onset date and almost two years before Dr. Gottlieb himself performed a cervical discectomy and fusion in August 2011.

Plaintiff also argues that the ALJ erred in finding that her course of treatment following lower back and neck fusion surgeries was conservative.  However, I find that the ALJ reasonably considered Plaintiff's post-surgical treatment histories for lower back and neck pain and the type of treatment she received.

Plaintiff also claims the ALJ erred in finding inconsistencies between her testimony that she barely drove and her solo driving trip to her hearing that took three to four hours each way.  However, the ALJ reasonably weighed Plaintiff's testimony against the evidence of this driving trip.

Plaintiff also argues that the ALJ erred in finding that despite her testimony, she did not appear uncomfortable during her hearing that spanned approximately one hour.  Plaintiff contends that this finding amounted to a prohibited sit and squirm test.  However, Social Security Regulation 96-7p provides that an ALJ can and should consider a witness' demeanor in assessing her credibility.  *Powers v. Apfel*, 207 F.3d 431, 436 (7th Cir. 2000).  In making his credibility finding, the ALJ permissibly considered the Plaintiff's demeanor as one of several factors, in accordance with SSR 96-7p.  Thus, I find no error in the ALJ's credibility determination.

Finally, Plaintiff argues that the ALJ erred in his analysis of Plaintiff's receipt of short-term disability and unemployment benefits.  I agree.  The ALJ specifically found "however, it appears to be somewhat inconsistent for the Claimant to, in one instance, allege total disability to one governmental agency while pursuing disability benefits and at the same time allege that she is able and ready to work to another governmental agency while obtaining unemployment benefits.  Either the Claimant is disabled and unable to engage in any type of

gainful work as she alleges to Social Security, or she is ready and able to work should work become available as she alleges to the State of Indiana in order to obtain unemployment benefits." Record at 22.

At oral argument counsel for both the Plaintiff and the Defendant agreed to two points. First, the mere receipt of unemployment benefits does not make a Plaintiff ineligible for Social Security benefits; and No. 2, receipt of unemployment benefits is one factor that the ALJ may consider in assessing Plaintiff's credibility.

Here, the ALJ analyzed the issue as an either/or situation. Specifically, the language that is most troubling is the ALJ's statement, "Either the Claimant is disabled and unable to engage in any type of gainful work as she alleges to Social Security, or she is ready and able to work, should work become available, as she alleges to the State of Indiana in order to obtain unemployment benefits." This is error. While the ALJ could properly consider this as an issue reflecting on Plaintiff's credibility, this fact cannot be outcome determinative in and of itself. The language the ALJ used suggests he applied an either/or standard, so remand is required.

I would note, however, that even if remand is not supported for this specific reason, as previously noted, remand is otherwise appropriate based upon the problems I have noted with the RFC; and therefore, the ALJ should revisit the issue with regard to the unemployment benefits.

For these reasons, this case is remanded for further consideration of the issues as outlined in this decision. I will ask the court reporter to transcribe that portion of this decision that reflects my reasons, and I will file those on the docket. The time for appeal will begin to run as of the date that a separate judgment is entered on the docket.

Dated: 5/29/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Jonelle L. Redelman
REDELMAN LAW
jonelle@redelmanlaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov