UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JODI VAN NEVEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01292-TAB-SEB |
| ) | |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

The only remaining issue in this case is the amount of fees the Court can award Plaintiff's attorney from her past-due Supplemental Security Income benefits. The parties otherwise stipulate to Plaintiff's motion for attorney's fees. As explained below, the Court grants Plaintiff's motion [Filing No. 33] in part.

For a Social Security plaintiff, section 406(b)(1) limits attorney's fees to 25 percent of past-due benefits. 42 U.S.C. § 406(b)(1). In this case, Plaintiff's past-due benefits are reportedly $28,894.98 from SSI benefits, and $48,478 from Disability Insurance Benefits. [Filing No. 33-1, at ECF p. 2] Accordingly, Plaintiff asks the Court for an award of $19,343.24 in attorney's fees, which is 25 percent of $77,372.98, the gross amount of past-due benefits.

The Commissioner agrees that the award should be 25 percent of Plaintiff's past-due benefits. The parties agree that $12,119.50 is the correct amount of attorney's fees for the Court to award Plaintiff's counsel from her past-due DIB. The Commissioner only takes issue with using the past-due SSI benefits amount of $28,894.98 to calculate attorney's fees. The Commissioner explains that once the Court enters this order and Plaintiff receives her past-due DIB, the agency will apply windfall offset provisions to reduce the amount of Plaintiff's SSI

benefits. [Filing No. 37, at ECF p. 2.] The Commissioner argues that if the Court awards attorney's fees based on the current gross amount of Plaintiff's past-due benefits, that award will exceed the 25 percent cap upon adjustment. Instead, the Commissioner contends that the attorney's fees from SSI benefits should be calculated after entry of this order, and once the windfall-offset provisions are applied.

The Commissioner proposes that this Court award Plaintiff's counsel $12,119.50 in attorney's fees now, and provide for a later-calculated award of 25 percent of past-due SSI benefits. The Commissioner asks that the Court not identify a specific amount, but provide that the amount cannot exceed $7,223.74. The Commissioner cites the interest of judicial and administrative efficiency as the reason for her position. Plaintiff did not object. The Commissioner's proposal is reasonable and abides by the 25 percent cap provided in § 406(b). Accordingly, the Court grants Plaintiff's motion for attorney's fees, consistent with the Commissioner's rubric.

The Commissioner also asks that Plaintiff's counsel refund to Plaintiff the $6,118.50 in attorney's fees previously received under the Equal Access to Justice Act. Plaintiff's counsel can pursue and be awarded fees under both § 406(b) and EAJA. *Gisbracht v. Barnhart*, 535 U.S. 789, 796 (2002). However, if the Court awards fees under both § 406(b) and EAJA, counsel can only keep the larger of the two and must return the lesser amount to Plaintiff. *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). As Plaintiff's counsel will receive both, the EAJA fee should be refunded to Plaintiff. Even without including the unspecified amount of attorney's fees for past-due SSI benefits, the § 406(b) award is greater than the EAJA award. Therefore, Plaintiff's attorney must refund the $6,118.50 EAJA award to Plaintiff.

Accordingly, the Court grants Plaintiff's motion for attorney's fees [Filing No. 33] in part. Plaintiff's counsel is awarded $12,119.50 in attorney's fees from Plaintiff's past-due DIB. Following the agency's application of windfall-offset provisions, Plaintiff's counsel is additionally awarded a fee equal to 25 percent of Plaintiff's past-due SSI benefits, not exceeding $7,223.74. Plaintiff's counsel will refund the $6,118.50 previously received under EAJA to Plaintiff, following receipt of all the fees provided for in this order.

Date: 9/12/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Jonelle L. Redelman
REDELMAN LAW
jonelle@redelmanlaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov